UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONRAD E. PERKINS,                      )
                                        )
        Plaintiff                       )
                                        )
v.                                      )       No. 3:10-0289
                                        )       Judge Campbell/Brown
UNITED STATES GOVERNMENT,               )
                                        )
        Defendant                       )

TO:  THE HONORABLE CHIEF JUDGE TODD J. CAMPBELL

**REPORT AND RECOMMENDATION**

Presently pending in this matter is a motion to dismiss
for lack of jurisdiction (Docket Entry 28).  Although this motion
was filed on August 18, 2010, Plaintiff has failed to file any
response whatsoever.  After reviewing the attached pleadings, the
Magistrate Judge recommends that the motion to dismiss for lack of
jurisdiction be **GRANTED**.

**BACKGROUND**

This case was originally lodged with the District Court
on March 24, 2010.  Subsequently, the Plaintiff was allowed to
proceed with this case upon paying a filing fee of $200, which was
subsequently paid.  The case was filed as of the original date it
was received in the Clerk's office–March 24, 2010.  In Judge
Echols' order denying the application to proceed in *forma pauperis*
he advised the Plaintiff that the Plaintiff would be responsible
for service of the summons and complaint on the Defendant.

After the matter was referred to the undersigned for case management, it appeared that the Plaintiff had not secured service of process and the Magistrate Judge advised him of this requirement and where the various summonses should be sent (Docket Entry 10). The Plaintiff did obtain service of process on the Defendant by May 19, 2010.  Upon subsequent review it appeared that the Defendant had not responded to the complaint and was ordered to show cause within seven days why sanctions should not be imposed (Docket Entry 20).   The Defendant explained that the matter had been misidentified due to a reassignment of Assistant United States Attorneys (Docket Entry 25) and, pursuant to the Court's order to file an answer or other pleading by August 18, 2010 (Docket Entry 26), they filed a motion to dismiss for lack of jurisdiction on August 18, 2010 (Docket Entry 28).

The record reflects that copies of these various orders and pleadings were sent to the Plaintiff (Docket Entries 34 & 35). Unfortunately, the file does not show that Mr. Perkins has filed any response whatever to the motion to dismiss.  Under Local Rule 7.01(b), failure to file a timely response shall indicate that there is no opposition to a motion.

Because this motion would dismiss the Plaintiff's case in its entirety, the Magistrate Judge has nevertheless reviewed the motion on its merits.  The *pro se* complaint itself (Docket Entry 1) can be read to allege that the Veteran's Administration (V.A.)

performed surgery on the Plaintiff which, due to a mishap in that surgery, disabled the Plaintiff. He further states that his tork (sic.) claim was denied because of late filing. The complaint itself attaches a letter dated March 17, 2010. Mr. Perkins advised him that the V.A. would not reconsider his claim as they had denied it on January 22, 2010, and advised him at that time that he would have to file suit in Federal District Court within six months from the date on that letter.

In support of their motion the Defendant provided a declaration of Tammy L. Kennedy, Regional Counsel for the V.A. for Arkansas and Tennessee, to the effect that Plaintiff filed an administrative claim in this matter on October 1, 2008, using standard form 95. The tort claim was filed concerning Plaintiff's surgery in August, 2004. The affidavit goes on to state that Mr. Perkins underwent thoracic surgery on August 12, 2004, which apparently had complications that required additional surgery on August 13, 2004, due to internal bleeding due to the first surgery.

The administrative claim alleged negligence on the part of the V.A. in performing the August 12th surgery, which necessitated the second surgery on August 13th. This claim was denied because it was not presented within two years after the claim accrued. The affidavit also alleges that there was a finding of no negligence on the part of the V.A.

As the Defendant points out in their memorandum of law (Docket Entry 30), the Court lacks subject matter jurisdiction because the Plaintiff failed to file an administrative claim within the two year limitation period following his surgery. 28 U.S.C. § 2401(b). From a review of the pleadings in the matter, it is clear that the operations complained of occurred on August 12 and 13, 2004, and that the Plaintiff did not file his administrative claim until October 1, 2008.

The Defendant also alleges that the case should be dismissed because Mr. Perkins did not comply with T.C.A. § 29-26-122 and file a certificate of good faith within 90 days of filing his claim. The Magistrate Judge does not believe it is necessary to reach this argument since the Magistrate Judge believes that the Court lacks jurisdiction to consider the claim at all. The Defendant correctly cites the law at page 6 of its memorandum and the Magistrate Judge need not repeat those citations. There is no indication that the Plaintiff was not aware of the difficulties with his surgery immediately after it was completed. The Plaintiff has provided no real explanation why he waited four years to file the claim.

Although in his complaint (Docket Entry 1) he indicates that he filed his claim late because he did not know where or to whom to give the information, there is no indication that this was because the V.A. misled him. *See* Premo v. US, 599 F.3d 540. 547 (6th Cir. 2010). In this case the Sixth Circuit stated

A party attempting to estop the government "bears a very heavy burden." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir.2001). At a minimum, Plaintiff must show some "affirmative misconduct" by the government in addition to establishing the other elements of estoppel. *Id.* Affirmative conduct "is more than mere negligence. It is an act by the government that either intentionally or recklessly misleads the claimant." *Michigan Express*, 374 F.3d at 427, 458.

Absent some additional information, there is simply no basis to apply any type of estoppel or to justify a tolling of the clear two-year limit.

It is incumbent upon the Plaintiff to establish that this Court has jurisdiction and he has failed to do so, although being specifically put on notice by the Defendant's motion that he needed to provide some basis for the Court's jurisdiction.  As the Sixth  Circuit pointed out in *Harris v. City of Cleveland*, 7 F. App. 452 (6th Cir. 2001):

The Federal Tort Claim Act requires the plaintiff to exhaust administrative remedies prior to instituting such a lawsuit. ... There is no equitable exception to the jurisdictional prerequisites of the Federal Tort Claim Act (internal citations omitted).

Unfortunately for Mr. Perkins, he waited more than four years to file his administrative claim.  Once the Government raised the issue of jurisdiction, Mr. Perkins must come forward with some evidence to show that he has filed an administrative claim and or that he has an estoppel argument that this claim has jurisdiction.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed for lack of jurisdiction inasmuch as the Plaintiff did not file an administrative tort claim within two years allowed by statute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 17th day of December, 2010

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge